

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2008

# Carey v. First Natl Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4491

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Carey v. First Natl Bank" (2008). *2008 Decisions.* Paper 1541.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1541

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-124                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4491
_____

JOHN FLOYD CAREY, SR.,

Appellant

v.

THE FIRST NATIONAL BANK OF PORT ALLEGANY; ERIE INSURANCE GROUP;
ALLEN W. ROSS; ALLEN ROSS AGENCY, Inc.; KARL E. GECI, Esquire; FORNAN
GECI LAW OFFICE, P.C.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-01930)
District Judge: Honorable John E. Jones III

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and IOP 10.6
February 7, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed: February 22, 2008)

_____

OPINION
_____

PER CURIAM

This is an appeal from the District Court's dismissal of John Floyd Carey's

complaint and his subsequent motion for reconsideration.  For the following reasons, we

will dismiss this appeal. See 28 U.S.C. § 1915(e)(2)(B)(ii).

On October 22, 2007, Appellant, an inmate at Clinton County Correctional Facility in McElhattan, Pennsylvania, initiated a pro se civil rights action under 42 U.S.C. § 1983. Carey's allegations stemmed from an alleged plot by his ex-wife, her attorney, the bank which holds a mortgage on Carey's property, the insurance company which issued a policy covering his property, his insurance agent, and the purchaser of his property to sell his real estate without his authorization. In 2001, according to Carey, a fire destroyed a store which he owned. The insurance company denied his claim after concluding that the fire was arson caused by Carey. Without the income from his store, Carey was unable to pay the mortgage on his properties. After Carey was incarcerated, he claimed that his ex-wife and her attorney conspired with the bank to sell his properties without his permission. Pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B) the District Court dismissed Appellant's complaint for failure to state a claim. Carey filed a motion for reconsideration which the District Court also dismissed.

We exercise plenary review over the District Court's dismissal of Carey's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Tourscher v. McCullough 184 F.3d 236, 240 (3d Cir. 1999). Upon review, it is clear that the District Court properly dismissed Carey's claims. None of Carey's claims presents a proper § 1983 civil rights claim. See Baker v. McCollan, 443 U.S. 137, 146 (1979) (tort claims must be pursued in state courts under traditional state law principles and not under § 1983). Further, as the

District Court noted, all of the defendants named in Carey's complaint are private individuals or businesses, none of whom are alleged to be state actors or to have abused power granted by the state. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (section 1983 plaintiff must allege that constitutional deprivation was committed by a person acting under color of state law).

The District Court also properly dismissed Carey's motion for reconsideration. Carey, in his motion for reconsideration, alleged that his ex-wife and her attorney violated his Fifth Amendment rights by selling his property. Carey's allegation does not change the fact that this is a tort claim more appropriate for state court. Further, Carey's claim that Karl Geci, his ex-wife's attorney, executed a federal Housing and Urban Development form with misleading figures does not cure the state actor defect of his civil rights claim.

In sum, because Carey's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).