Abdul IDEEN, Appellant

v.

Agent STRAUB; Agent Cramer; Jeffrey Beard, Secretary; Paul Sheal, Super-intendent; Lt. Rodney Painter; Lisa Hollibaugh; Paul K. Smeal; Randall E. Britton; Cynthia L. Kechisen, School Principal.

No. 09–4385.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 May 27, 2010.

Filed: June 28, 2010.

Abdul Ideen, Cresson SCI, Cresson, PA, pro se.

John G. Knorr, III, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, for School Principal.

Before: BARRY, FISHER and GREENAWAY, Circuit Judges.

OPINION

PER CURIAM.

Abdul Ideen, a Pennsylvania state prisoner proceeding pro se, appeals the District Court's sua sponte order dismissing his second amended complaint. Because the appeal does not present a substantial question, we will summarily affirm.

I.

In March 2009, Ideen filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of*

*Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). He subsequently amended his complaint twice. His second amended complaint named as defendants two federal agents, the Secretary of the Pennsylvania Department of Corrections ("DOC"), the superintendents of the State Correctional Institution at Houtzdale ("SCI–Houtzdale") and SCI–Smithfield, and two other prison officials from SCI–Smithfield. Ideen appeared to raise claims of retaliation, racial profiling, and interference with his free exercise of religion.

The District Court referred the case to a Magistrate Judge, who recommended that the court dismiss Ideen's claims. On October 19, 2009, the District Court entered a sua sponte order adopting the Magistrate Judge's recommendation and dismissing Ideen's second amended complaint. Ideen now seeks review of the District Court's order.[1]

## II.

We first examine the claims against the two federal agents, the superintendent of SCI–Smithfield, and the other two prison officials from that institution. The District Court dismissed these claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. We exercise plenary review over this aspect of the District Court's judgment. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000).

To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The allegations "must not be 'so undeveloped that [the complaint] does not

provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'" *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir.2008) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). In this case, portions of Ideen's second amended complaint, like his two earlier complaints, are difficult to comprehend and border on being unintelligible. Even where his allegations are somewhat clearer, he failed to sufficiently develop a factual basis for his claims, despite having had three opportunities to do so. Accordingly, Ideen has not shown that the District Court erred in dismissing the claims against the federal agents, the superintendent of SCI–Smithfield, and the other two prison officials from SCI–Smithfield for failure to state a claim.

We now turn to Ideen's claims against the DOC Secretary and the superintendent of SCI–Houtzdale. The District Court dismissed these claims without prejudice, concluding that they were more appropriately brought in the Western District of Pennsylvania because they arose while Ideen was incarcerated in that district. Although the court appeared to base its decision on 28 U.S.C. § 1404(a), that provision affords a district court discretion to *transfer* a claim to another district, not dismiss the claim. *See* 28 U.S.C. § 1404(a). This oversight, however, did not prevent Ideen from refiling his claims in the Western District of Pennsylvania. Moreover, he does not appear to challenge this aspect of the District Court's judgment in this appeal, nor do these claims seem sufficiently clear or factually developed to state a claim. As such, we need not disturb the District Court's dismissal of these claims.

---

1. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and may affirm the District Court's decision on any basis supported by the record. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.1999).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Ideen's second amended complaint. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Ideen's "Motion to Vacate Void Judgment 60(b)" is denied.