**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4014
_____

SHARON DAVIS,
                                        Appellant

v.

CITY OF NEWARK; DIRECTOR GARRY MCCARTHY; DEPUTY CHIEF BRYAN
MORRIS; CAPTAIN SHEILAH COLEY; CAPTAIN RONALD KINDER; CAPTAIN
ANTHONY RUGGIERO; LIEUTENANT ANTHONY CARUSO; LIEUTENANT
UMAR ABDUL-HAKEEM; INSTITUTE FOR FORENSIC PSYCHOLOGY,
individually and under color of state law; JOHN AND JANE DOES 1-99 (FICTITIOUS
NAMES); XYZ CORPORATIONS 1-10, municipal or governmental entities and their
supervisors, agents and employees
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:09-cv-01032)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: June 28, 2011)

_____

OPINION
_____

1

PER CURIAM

Sharon Davis, proceeding pro se, appeals from the District Court's order dismissing her amended civil rights complaint with prejudice. For the reasons that follow, we will modify the District Court's order and affirm that order as modified.

**I.**

Because we write for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. Davis is a black female who served as a police officer with the Newark Police Department ("NPD") in Newark, New Jersey, for several years prior to the termination of her employment in or around July 2007. In March 2009, she commenced this action by filing a pro se complaint in the District Court. She subsequently filed a pro se amended complaint in October 2009. The amended complaint, brought against the City of Newark, several NPD officers, the Institute for Forensic Psychology, and numerous unidentified individuals and entities, alleged claims of retaliation under the First Amendment and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as well as claims of race and gender discrimination under Title VII. The amended complaint also raised several state law claims.

In December 2009, the City of Newark and the NPD officers moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On September 10, 2010, the District Court granted the motion and dismissed the entire amended complaint

2

with prejudice. The court concluded that Davis's First Amendment claims failed because the alleged triggers of the Defendants' retaliation — a police report that Davis had prepared while an officer with the NPD, as well as various internal grievances she had submitted to her NPD superiors — were not protected speech under the First Amendment. As for her Title VII claims, the District Court concluded that her amended complaint "is so devoid of factual substance that [she] cannot possibly state a claim under Title VII." (Dist. Ct. Op. at 8.) Finally, because the court rejected all of Davis's federal claims, it declined to exercise supplemental jurisdiction over her state law claims. Davis now seeks review of the District Court's judgment.

**II.**

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's dismissal of Davis's amended complaint, see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008), and may affirm that judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). In conducting our review, "we accept as true all well-pled factual allegations in the [amended] complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." See Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008).

Having reviewed the record in this case, and for substantially the reasons provided by the District Court, we agree with the court's decision to dismiss Davis's Title

3

VII claims. We also agree with the District Court that her retaliation claims fail under the Free Speech Clause of the First Amendment, for the police report and internal grievances that allegedly triggered the retaliatory activity were not made in her role as a private citizen speaking on a matter of public concern. See Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). Although the District Court did not address whether her allegations of retaliation stated a claim under the First Amendment's Petition Clause, we conclude that they do not, for the Petition Clause, like the Free Speech Clause, is triggered only by matters of public concern. See Borough of Duryea v. Guarnieri, 2011 U.S. LEXIS 4564, at *6-7 (June 20, 2011); see also id. at *35 (stating that a public employee's right under the Petition Clause "is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts"). Finally, to the extent Davis' amended complaint alluded to alleged due process violations, we conclude that she failed to present a viable due process claim.

Because the District Court properly dismissed all of Davis's constitutional and federal claims, it did not err in declining to exercise supplemental jurisdiction over her state law claims. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction"); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness

4

to the parties provide an affirmative justification for doing so.").  We note, however, that these state law claims should have been dismissed *without* prejudice.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999).  Accordingly, we will modify the District Court's September 10, 2010 order to reflect this point, and, in light of the above, affirm that order as modified.