CLD-232                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1867
_____

MITCHELL THEOPHILUS GARRAWAY,
Appellant

v.

HARLEY G. LAPPIN, Federal Bureau of Prisons; TROY WILLIAMSON, former
Warden, USP Lewisburg; KERSTETTER, Captain, Inmate Systems Manager, former
Warden, USP Lewisburg; SALVADORE IRIZZARY, Chaplain, USP Lewisburg; R.
ROGERS, Food Service Administrator, USP Lewisburg; FRANK STRADA, former
Assistant Warden, USP Lewisburg; KEVIN KELLEY, Chaplain, USP Lewisburg;
JOHNSON, Inmate Trust Fund Manager, USP Lewisburg; JOHN JOHNSON, Chaplain,
USP Canaan; RONNIE HOLT, Warden Executive Officer, USP Canaan; ANGELA
DUNBAR, Assistant Warden, USP Canaan; D. MRAD, USP Canaan; R. SORENSON,
USP Canaan; THOMAS DIEHL, Inmate Trust Fund, Manager, USP Canaan; R.
GUNDRUM, Food Service Administrator, USP Canaan; M. NOVAK, Lieutenant,
USP Canaan

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-10-cv-01697)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 31, 2012 )

_____

OPINION OF THE COURT
_____

PER CURIAM

Mitchell Theophilus Garraway, an inmate at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), appeals pro se and in forma pauperis from the District Court's order granting the Defendants' motion to dismiss, or in the alternative, for summary judgment. For the reasons that follow, we will summarily affirm the District Court's order.

I.

In August 2010, Garraway commenced a <u>Bivens</u> action[1] claiming that certain rules and policies instituted by the Federal Bureau of Prisons ("BOP") "severely and unnecessarily" burdened his ability to practice his Muslim faith, in violation of his First Amendment free exercise rights. He brought statutory claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb <u>et seq.</u>, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc <u>et seq.</u> He named as Defendants several current and former employees of USP-Lewisburg and the United States Penitentiary in Canaan ("USP-Canaan"), having been an inmate at both facilities during the time period set forth in his complaint.

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Defendants filed a motion to dismiss, or in the alternative, for summary judgment, with respect to all of Garraway's claims. The District Court granted the motion on March 21, 2012, and entered final judgment in favor of Defendants. Garraway timely filed a Notice of Appeal on March 27, 2012.

II.

Jurisdiction is proper under 28 U.S.C. § 1291. We will summarily affirm the District Court's judgment if the appeal presents no substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

We exercise plenary review over an order dismissing claims under Federal Rule of Civil Procedure 12(b)(6). Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). "Reviewing such an order, we accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." Id. (citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.; see also Twombly,

3

550 U.S. at 556 (explaining that a plaintiff must "identify[] facts that are suggestive enough to render [his claim] plausible.") "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

We also exercise plenary review over a grant of summary judgment and "employ the same standard as applied below." DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). That is, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In reviewing the grant of summary judgment, we must affirm if the record evidence submitted by the non-movant is merely colorable or is not significantly probative." DeHart, 390 F.3d at 267-68 (citation and internal quotation marks omitted).

Claims under the First Amendment and claims under the RFRA are analyzed separately.[2] When a prisoner asserts a First Amendment free exercise claim that "a prison policy is impinging on [his] constitutional rights," the court must then apply the four factor test set forth in Turner v. Safley, 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests." DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000) (citing Turner, 482 U.S. at 89). As this Court has explained,

---

[2] The District Court properly dismissed Garraway's RLUIPA claims because RLUIPA does not apply to a federal government action. Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1077 (9th Cir. 2008); Rogers v. United States, 696 F. Supp. 2d 472, 486 (W.D. Pa. 2010); see also Sharp v. Johnson, 669 F.3d 144, 153 (3d Cir. 2012) (recognizing that RLUIPA applies to actions against state and local governments).

4

> [Turner] directs courts to assess the overall reasonableness of such regulations by weighing four factors. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it," and this connection must not be "so remote as to render the policy arbitrary or irrational." Second, a court must consider whether inmates retain alternative means of exercising the circumscribed right. Third, a court must take into account the costs that accommodating the right would impose on other inmates, guards, and prison resources generally. And fourth, a court must consider whether there are alternatives to the regulation that "fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests."

Id. (citing Waterman v. Farmer, 183 F.3d 208, 213 (3d Cir. 1999) (internal citations omitted)).

In contrast, a challenged restraint on the freedom of religion does not fall within the scope of the RFRA unless the inmate can establish that a "substantial burden" is placed on his ability to exercise said freedom. Small v. Lehman, 98 F.3d 762, 767 (3d Cir. 1996), overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507 (1997).[3] This Court has said that a substantial burden exists where:

> (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or

---

[3] Though the Supreme Court held the RFRA unconstitutional as to state and local governments in City of Boerne v. Flores, RFRA claims against the federal government "remain viable," Jama v. Esmor Corr. Servs., Inc., 577 F.3d 169, 172 n.4 (3d Cir. 2009) (citation omitted).

(2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

Washington v. Klem, 497 F.3d 272, 280 (3d Cir. 2007). It is only once a substantial burden on religion has been established by the prisoner that the government must then establish "that it has a 'compelling interest' in its actions and is furthering that interest by the 'least restrictive means.'" Small, 98 F.3d at 767 (citations omitted).

## III.

The District Court addressed Garraway's numerous claims by subject matter. In his argument in support of appeal, Garraway highlighted the following issues as violative of his First Amendment free exercise rights and the RFRA: (1) prison policies limiting group prayer; (2) the lack of a full-time Sunni Muslim chaplain; (3) prison policies regarding an Islamic Halal diet; (4) prison policies limiting the number of books he can keep in his cell; and (5) the availability of ceremonial religious items. We will first consider these claims before turning to the remainder of those addressed in the District Court's Memorandum.

1. Prison Policies Limiting Group Prayer

Garraway claimed that the prison regulation regarding congregational worship violated his First Amendment free exercise rights. The regulation in question, BOP Program Statement 5360.09.7.a, states, in pertinent part:

> The level of scheduled activities is expected to be commensurate with the institution's mission/need. Authorized congregate services will be made available for all inmates weekly with the exception of those detained in any

6

> Special Housing Units (SHUs).  If a state of emergency exists (e.g. fog, institution lock down, food strike), the warden or designee will determine the appropriate level of chapel programming.

(Dkt. No. 39, Ex. 1, Attach. B.)

"When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89.  The District Court aptly applied the four-part Turner analysis in determining that Garraway's First Amendment right to free exercise was not impermissibly impinged by this regulation.  (Dkt. No. 65, pp. 20-29.)  That analysis need not be repeated here.  Garraway did not allege that the policy substantially burdened his ability to exercise his religion.  Without establishing a substantial burden, his claim under the RFRA fails.

2.  Lack of a Full-Time Sunni Muslim Chaplain

Garraway claimed that Defendants violated his First Amendment rights and the RFRA "by refusing to provide a full-time Sunni Muslim chaplain … while providing … two to three Christian chaplains for Christian inmates."  (Dkt. No. 27, ¶¶ 22, 44.)

"A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972) (per curiam); see also Gittlemacker v. Prasse, 428 F.2d 1, 4 (3d Cir. 1970) (no affirmative duty to provide an inmate with a clergyman of his choice).  Nonetheless, it is undisputed that Defendants

7

provided Muslim chaplains as they became available.  (Dkt. No. 40, ¶¶ 16-17; Dkt. No. 50, Attach. 3, ¶¶ 16-17.)  Garraway has not alleged that there is a prison policy impinging on his First Amendment rights.  Therefore, it is not necessary to undertake a Turner analysis.  Nor has Garraway alleged that the lack of a full-time Sunni Muslim chaplain substantially burdens the exercise of his religion.  Without establishing a substantial burden, his claim under the RFRA fails.

3.  Prison Policies Regarding an Islamic Halal Diet

Garraway claimed that Defendants violated his First Amendment rights by failing to provide an Islamic Halal diet.  Religious diets are provided in accordance with the following BOP policy:

> The Bureau provides inmates requesting a religious diet reasonable and equitable opportunity to observe their religious dietary practice within the constraints of budget limitations and the security and orderly running of the institution and the Bureau through a religious diet menu.

28 C.F.R. § 548.20(a).

Again, the District Court ably applied the requisite four-part Turner analysis, concluding that the regulation in question did not impermissibly curtail Garraway's right to free exercise of his religion.  (Dkt. No. 65 at pp. 35-39); see also Williams v. Morton, 343 F.3d 212, 220 (3d Cir. 2003) (rejecting inmates' claim that failure to provide Halal meat in lieu of vegetarian meals violated their First Amendment rights).

8

4. Prison Policies Limiting the Number of Books Kept in an Inmate's Cell

Garraway claimed that the BOP regulation limiting the number of books an inmate may have as personal property in his cell substantially burdened his ability to exercise his religion. The regulation in question, BOP Program Statement 5580.07, instituted a national limit of five books per inmate, regardless of topic. (Dkt. No. 39, Ex. 1, Attach. C.) According to Defendants, this limit was imposed in the interest of security, fire safety, and sanitation, as it allowed proper cell searches and limited the places inmates could store contraband. (Dkt. No. 40, ¶ 51-52.) Garraway did not dispute that the BOP provided him with religious texts. (Dkt. No. 40, ¶¶ 42-43; Dkt No. 50, Attach. 3, ¶¶ 42-43.) However, he claimed that Defendants "exaggerated" the security concerns addressed by BOP Program Statement 5580.07. (Dkt. No. 50, Attach. 3, ¶¶ 51-52.)

The District Court correctly considered the Turner factors in reaching the conclusion that the BOP regulation did not impermissibly impinge on Garraway's free exercise of his religion. (Dkt. No. 65 at 45-46.) Further, no facts supported Garraway's claim that the five book national limit substantially burdened his ability to practice his religion. This Court's decision in Washington v. Klem, 497 F.3d 272 (3d Cir. 2007), is distinguishable. There, an inmate argued that his religion required "a daily reading of four Afro-centric books," id. at 281, and that the prison's ten-book limitation substantially burdened the practice of his religion, id. at 282-83. Garraway makes no such claim. Without establishing a substantial burden, his claim under the RFRA fails.

9

5. Availability of Ceremonial Religious Items

Garraway claimed his First Amendment rights were violated because Islamic ceremonial religious items were sold in the BOP commissary with marked-up prices, in violation of BOP policy. Defendants provided evidence that the items were not sold with a mark-up. (Dkt. No. 39, Ex. 1, Attach. E and Attach. F.) Garraway responded with an unsupported assertion that the evidence provided by Defendants contained "false and misleading" information. (Dkt. No. 50-4, ¶ 16.) There being no genuine issue of material fact, the District Court correctly granted summary judgment in favor of Defendants. We will affirm. See DeHart, 390 F.3d at 267-68 ("In reviewing the grant of summary judgment, we must affirm if the record evidence submitted by the non-movant is merely colorable or is not significantly probative.").

6. Garraway's Remaining Claims

We have thoroughly reviewed the District Court's Memorandum and Order, together with the record below. Garraway's remaining claims were either properly dismissed[4] or summary judgment was properly entered[5] in favor of the Defendants.

---

[4] These include Garraway's claims under the RLUIPA (Dkt. No. 65, pp. 7-8), those barred by the statute of limitations (id., pp. 8-10), and his claims with respect to a standardized chapel library (id., pp. 47-48), the distribution of Bible quotes (id., p. 50), and alleged verbal harassment (id., pp. 62-64).

[5] These include Garraway's claims with respect to a delay in receiving mail (Dkt. No. 65, pp. 31-33), dress and clothing issues (id., pp. 39-43), allocation of funds (id., p. 50), teaching Arabic in chapel (id., pp. 55-57), participation in Muslim observances (id., pp. 57-59), and rejection of his administrative remedies (id., pp. 60-62).

10

Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court granting Defendants' motion to dismiss, or in the alternative, for summary judgment[6], pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[6] It is unclear from the District Court's opinion whether certain claims were dismissed or whether summary judgment was entered in favor of Defendants. In any case, it is harmless error where, as here, "the judgment may be affirmed if it appears that there is no set of facts on which plaintiff[] could possibly recover." Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989) (citation omitted); see also Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) ("We may affirm the district court on any ground supported by the record.").