DLD-283                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2404
_____

MOTZIE L. CLAYTON,
Appellant

v.

J. MORGAN, Captain

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00623)
District Judge:  Honorable Nora Barry Fisher

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012

Before:  Ambro, Jordan and Vanaskie, Circuit Judges

(Opinion filed: October 11, 2012)
_____

OPINION
_____

PER CURIAM

**I**

Motzie Clayton, an inmate proceeding *in forma pauperis*, sued Captain J. Morgan,

a Shift Commander at the facility where Clayton was housed, pursuant to 42 U.S.C. §

1983, alleging that Morgan violated the Eighth Amendment. The District Court granted Morgan's motion to dismiss and denied Clayton's motions for appointment of counsel and to amend the complaint. Because Clayton's appeal raises no substantial issue, we will summarily affirm the District Court's orders.

## II

According to the complaint, Motzie Clayton slipped and fell on black ice that had accumulated in the prison yard at SCI-Greensburg, where he was incarcerated. Clayton alleges that Morgan, who was responsible for determining whether the yard was safe for inmate use, had opened the yard for use in spite of being warned by another guard that someone would get hurt from the dangerous, icy conditions. As a result of the fall, Clayton suffered a back injury, the pain from which induced a seizure several days after the fall. According to Clayton, the injury he sustained and the resulting pain remain persistent and debilitating.

Morgan filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Clayton submitted a brief and response in opposition to that motion. After reviewing the parties' submissions, the Magistrate Judge recommended that Morgan's motion to dismiss be granted, having determined that the allegations, even when taken as true, did not rise to the level of an Eighth Amendment violation. The Magistrate Judge further determined that amendment of Clayton's complaint would be futile. Clayton objected to the Magistrate Judge's Report and Recommendation ("R&R") and filed a motion to amend the complaint in which he

2

repeated the allegations against Morgan that he had pled in the original complaint. On April 25, 2012, the District Court adopted the R&R, denied Clayton's motion to amend the complaint, and granted Morgan's motion to dismiss. Clayton appeals that order, as well as the District Court's earlier denial of Clayton's motion requesting the appointment of counsel.

## III

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of a Rule 12(b) motion to dismiss is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review the District Court's decisions denying leave to amend and declining to appoint counsel for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 & n.21 (3d Cir. 2002); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).

## IV

After reviewing the District Court record, we conclude as a matter of law that Clayton's complaint was correctly dismissed for failure to state a claim. As described in the R&R, Eighth Amendment liability requires that "conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Under that standard, there is nothing in the complaint's specific allegations from which we can plausibly infer that Morgan was deliberately indifferent to Clayton's health and safety. Although black ice in the prison yard is less than desirable, Morgan's decision to permit inmates to use

3

the yard in spite of the presence of black ice falls short of the type of conduct that would constitute an Eighth Amendment violation.

## V

The District Court did not abuse its discretion in finding that amendment would be futile in this instance. Clayton consistently presented the same set of facts over the course of numerous filings. His response to the motion to dismiss, objections to the R&R, and motion to amend his complaint, for example, all revolve around the single assertion that Morgan opened the prison yard after being warned that dangerous icy conditions might lead to injury. This allegation, taken as true, does not present a federal cause of action, regardless of how artfully pled it may be.

## VII

Before a court may appoint counsel for an indigent civil litigant "it must first appear that the claim has some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (internal quotations omitted). For the reasons provided above, Clayton's complaint does not state a legally meritorious claim. Thus, the District Court did not abuse its discretion in declining to appoint counsel.

## VI

Based on the foregoing, we conclude that Clayton's appeal raises no substantial issue. Accordingly, we summarily affirm the District Court's orders granting Morgan's motion to dismiss and denying Clayton's motion to appoint counsel.