**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1664
_____

ALFREDO MESTRE, JR.,
                                    Appellant

v.

WARDEN WAGNER; L.T. CASTRO; CHAPLAIN MCKEOWN; SGT. SVENSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5:10-cv-07141)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2012

Before:  SLOVITER, GREENAWAY, JR.  and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 26, 2012)
_____

OPINION
_____


PER CURIAM

       Alfredo Mestre, Jr., a Pennsylvania state prisoner proceeding pro se, appeals from

the District Court's dismissal of this civil rights action brought pursuant to 42 U.S.C.

§ 1983.  For the reasons that follow, we will affirm.

# I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. In February 2011, Mestre filed a pro se complaint in the District Court against the warden of the Berks County Jail System ("BCJS"), a BCJS chaplain, and two BCJS officers (hereinafter collectively referred to as "Defendants"). In that complaint, which sought injunctive relief and damages, Mestre alleged that, shortly after his arrival at the BCJS, he requested a vegan diet for religious reasons. Although he was initially told that this request would be taken care of the following day, he continued to receive meat and "meat products" with some of his meals for the next several weeks. During that time, he sold or traded the non-vegan food. Thereafter, it appears that he received only vegan meals.

Defendants ultimately filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On February 1, 2012, the District Court entered an opinion and order addressing those motions. In its opinion, the court construed Mestre's action as raising claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment, as well as asserting a challenge to the prison's grievance process. The court concluded that, because Mestre had been transferred out of the BCJS, his request for injunctive relief was moot. As for his request for damages, the court concluded that all of his claims failed, and that amendment would be futile. As a result,

2

the court granted Defendants' respective motions and dismissed the complaint with prejudice. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)."[1] Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In conducting this review, "we must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. (internal quotation marks and citation omitted). "We may affirm the district court on any ground supported by the record." Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Here, the District Court did not err in dismissing Mestre's request for injunctive relief as moot. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). As for his request for damages, we hold that, for substantially the reasons provided by the District Court, Mestre's Equal Protection claim and his challenge to the prison's grievance process were properly dismissed. (See Dist. Ct. Mem. Op. entered Feb. 1, 2012, at 9, 11.) We also agree with the court's conclusion that Mestre's

---

[1] One of the appellees argues that Mestre's pro se informal brief has not preserved any issues for appeal. Although we recognize that Mestre's informal brief is far from a model filing, we believe that he has stated enough — if only barely — to preserve a challenge to the District Court's dismissal of his claims.

complaint failed to state a Free Exercise claim. (See id. at 9-11.) Although we afforded him an opportunity to identify in his appellate brief any amendments to his Free Exercise claim that might enable him to survive dismissal under Rule 12(b)(6), he has not identified any such amendments. Accordingly, we agree with the District Court that amendment would be futile. Lastly, we agree with the District Court's decision to dismiss Mestre's RLUIPA claim. We note, however, that this claim should have been dismissed without reaching the merits. See Sharp v. Johnson, 669 F.3d 144, 154-55 (3d Cir. 2012) ("RLUIPA cannot impose direct liability on Defendants, who were not parties to the contract created between Pennsylvania and the federal government."); see also Sossamon v. Texas, 131 S. Ct. 1651, 1663 (2011) (holding that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA").

Having found no reason to disturb the District Court's dismissal of Mestre's complaint, we will affirm.

4