PS4-087                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2254
_____

ANTHONY E. WILLIAMS,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
STATE CORRECTIONAL INSTITUTION MERCER SCI; STATE CORRECTIONAL
INSTITUTION CAMP HILL; STATE CORRECTIONAL INSTITUTE
GRATERFORD; LEHIGH COUNTY, C/O LEHIGH COUNTY; LEHIGH COUNTY
CLERK OF JUDICIAL RECORDS, C/O LEHIGH COUNTY SOLICITOR; BRIAN
THOMPSON, INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS
SUPERINTENDENT; BRENDA GOODALL, INDIVIDUAL AND IN HER OFFICIAL
CAPACITY AS RECORD SUPERVISOR; PAUL G. THERIAULT, INDIVIDUAL
AND IN HIS OFFICIAL CAPACITY ASCCPM; MARTIN P. AUBEL, INDIVIDUAL
AND IN HIS OFFICIAL CAPACITY AS DEPUTY SUPERVISOR; AMANDA
CAUVEL, INDIVIDUAL AND IN HER OFFICIAL CAPACITY RECORDS
SPECIALIST; JEFFREY P. HOOVLER, INDIVIDUAL AND IN HIS OFFICIAL
CAPACITY AS FACILITY GRIEVANCE COORDINATOR; MARY ANN
DURBOROW, INDIVIDUAL AND IN HER OFFICIAL CAPACITY AS RECORD
SPECIALIST II; LINDA GRAVES, INDIVIDUAL AND IN HER OFFICIAL
CAPACITY AS UNIT MANAGER; MICHAEL APPELGARTH, INDIVIDUAL AND
IN HIS OFFICIAL CAPACITY AS COUNSELOR; TIMOTHY HENRY, INDIVIDUAL
AND IN HIS OFFICIAL CAPACITY AS DCC DIRECTOR; TERRI L. RICHARDSON,
INDIVIDUAL AND IN HER OFFICIAL CAPACITY; NORA M. WILLIAMS,
INDIVIDUAL AND IN HER OFFICIAL CAPACITY; MONICA B. KNOWLDEN,
INDIVIDUAL AND IN HER OFFICIAL CAPACITY; MELISSA L. MYERS,
INDIVIDUAL AND IN HER OFFICIAL CAPACITY; JAMES T. ANTHONY,
INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS JUDGE; TONI A. REMER,
INDIVIDUAL AND IN HER OFFICIAL CAPACITY AS CHIEF DEPUTY OF
LEHIGH COUNTY; VIRGINIA SCHULER, INDIVIDUAL AND IN HER OFFICIAL
CAPACITY AS ASST. CHIEF DEPUTY OF LEHIGH COUNTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5-14-cv-03765)
District Judge:  Honorable Edward G. Smith
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 10, 2016)
_____

OPINION*
_____

PER CURIAM

Anthony Williams, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights action. For the reasons that follow, we will affirm.

Williams, a former state prisoner, filed an action in District Court pursuant to 42 U.S.C. § 1983 against the Pennsylvania Department of Corrections, several state correctional institutions, Lehigh County, and numerous individuals in connection with the calculation of his date of release from prison. The District Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). On August 4, 2014, the District Court dismissed with prejudice Williams' claims against the Commonwealth entities, reasoning that these defendants are not subject to suit under § 1983 and are entitled to Eleventh Amendment

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

immunity. The District Court dismissed without prejudice Williams' claims against the remaining defendants because he had not alleged how his sentence was improperly calculated, the rights that were violated, and how each defendant was personally involved in violating his rights. Williams was afforded 30 days to file an amended complaint.

On November 24, 2014, after the 30-day period had expired, Williams filed an amended complaint claiming violations of his Eighth and Fourteenth Amendment rights and false imprisonment. Williams alleged that his maximum sentence had expired on or before March 6, 2011, but that he was not released from prison until May 25, 2012, after he successfully sought relief in state court. On December 29, 2014, Williams moved for reconsideration of the August 4, 2014 order of dismissal. Williams stated that his original complaint was missing the statement of facts section and that he included this section in his amended complaint. Williams also stated that the Clerk's Office had sent the August 4, 2014 decision to the wrong address.

On January 13, 2015, the District Court denied the motion for reconsideration on the ground that Williams had not articulated a cognizable basis to reconsider its dismissal order. The District Court noted that the Clerk's Office had recorded his address incorrectly but stated that it would review his amended complaint as if it had been timely filed. The District Court again dismissed with prejudice Williams' claims against the Commonwealth entities. The District Court also dismissed with prejudice Williams' claims against a state court judge based on judicial immunity and his claims against Lehigh County for failure to state a claim upon which relief could be granted.

With regard to the remaining defendants, the District Court dismissed Williams' claims for damages against state officials in their official capacities, and ruled that he had failed to state claims for violations of his Eighth and Fourteenth Amendment rights in their individual capacities. The District Court explained that Williams' claim that the defendants had imprisoned him beyond his maximum release date is cognizable under the Eighth Amendment, but that Williams had not included any allegations plausibly establishing that the defendants acted with deliberate indifference or were personally involved in violating his rights. The District Court gave Williams 30 days to file a second amended complaint as to these defendants.

On March 10, 2015, Williams moved for a 180-day extension of time to file a second amended complaint. He asserted that the Clerk's Office did not send him the Court's decision when it was issued and that he needed an extension due to the number of defendants he named in his complaint, his lack of a readily available computer, and an impending sheriff's sale of his home. Williams also asked for other relief, including having the District Court send his correspondence via certified mail.

On March 11, 2015, the District Court granted Williams' motion to the extent he asked for an extension of time, but gave him 30 days to file a second amended complaint. Noting that the docket reflected that the Clerk's Office had mailed its decision to the address Williams provided, the District Court explained that Williams had already had 60 days to file his second amended complaint and that his request for 180 days was unreasonable. The District Court denied Williams' other requests, ruled that no further

4

extensions would be granted, and stated that it would dismiss the action without further notice if Williams failed to file a second amended complaint within 30 days. On April 28, 2015, after more than 30 days had passed and Williams had not filed a second amended complaint, the District Court dismissed the action with prejudice. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Williams' brief consists primarily of the procedural history of his case and the history of his proceedings in state court challenging the calculation of his sentence. Williams appears to contend that the District Court's order of dismissal was erroneous in light of its knowledge that he was not receiving its orders and his request to receive court correspondence via certified mail. He asks that his case be reopened and scheduled for trial. Williams asserts that his claim is not frivolous, as shown by the relief he was granted in state court.

The District Court docket reflects that Williams may not have timely received the District Court's initial decision entered on August 4, 2014, allowing him to file an amended complaint, because the street address in the Court's file was missing a number. Williams, however, suffered no prejudice because the District Court reviewed his amended complaint and allowed him to file a second amended complaint correcting its deficiencies.

The District Court's subsequent decisions appear to have been sent to the address Williams provided. Williams' notice of appeal, filed on May 11, 2015, demonstrates that he timely received the District Court's April 28, 2015 case dispositive order. To the extent Williams did not timely receive the January 13, 2015 decision allowing him to file a second amended complaint,[1] he was not prejudiced because he was granted an extension of time to file it. Although Williams asserts in his brief that he did not receive the March 11, 2015 order granting his motion for an extension of time, he does not state that he ever inquired as to the status of his motion even though he allegedly had problems receiving court correspondence. The District Court did not dismiss his action until April 28, 2015, almost seven weeks later.

Williams also does not state that he is prepared to file a second amended complaint. Instead, he seeks to proceed to trial. However, as explained by the District Court, at this stage Williams was required to amend his complaint and allege how each named defendant was personally involved in the purported violation of his rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (dismissing claims against defendants where plaintiff had not averred personal involvement in the alleged wrongs). The District Court did not err in ruling that his amended complaint was deficient in this regard.

---

[1]The District Court docket reflects that on February 9, 2015, the Clerk's Office sent Williams another copy of the January 13, 2015 decision after he reported that he had not received it.

The District Court gave Williams more than one opportunity to amend his complaint and he did not correct its deficiencies.  Accordingly, we will affirm the judgment of the District Court.