DLD-011                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3176
_____

PAUL SATTERFIELD,
Appellant

v.

DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-02-cv-00448)
District Judge:  Honorable Jan E. Dubois
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2016
Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 26, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Satterfield is serving a life sentence, imposed in 1985 pursuant to a state-court murder conviction. The District Court granted Satterfield's January 2002 petition for a writ of habeas corpus, but we reversed on appeal and remanded with instructions to dismiss the petition as time-barred. Satterfield v. Johnson, 434 F.3d 185 (3d Cir. 2006). The District Court then dismissed Satterfield's petition by order dated April 19, 2006.

Years later, Satterfield, invoking the rule from McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), moved under Fed. R. Civ. P. 60(b) to vacate the April 19, 2006 judgment of dismissal. The District Court denied relief. We granted Satterfield a certificate of appealability ("COA"), and that appeal is pending. See CA No. 15-2190.

In 2016, Satterfield filed in the District Court a pro se motion under Fed. R. App. P. 10(e).[1] He primarily argued that the form used to draft his January 2002 habeas petition was supplied by the District Court (see ECF No. 2) and contained pre-printed text requiring, in error, identification of a district attorney's office ("the DA") as a party-respondent (see ECF No. 3).[2] Satterfield argued that only his jailor and the local Attorney General were proper respondents, see Habeas Corpus Rule 2(a), yet the DA was

---

[1] Fed. R. App. P. 10(e) "authorizes the district court to augment the record in two situations: (1) when the parties dispute whether the record truly discloses what occurred in the district court, or (2) when a material matter is omitted by error or accident. All other questions on the form and content of the record are to be presented to the court of appeals." Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986).

[2] Satterfield also argued that the docket failed to reflect the date when his habeas petition was served on the other respondents.

2

added as a party and the caption was amended to reflect as much (see ECF No. 5). Satterfield requested that the District Court excise the DA's appearance from the record.

The District Court denied Satterfield's motion to correct the record on appeal, concluding that it had previously rejected his request to, in effect, erase the DA from the history of the habeas case. See ECF No. 96 (District Court's April 15, 2015 memorandum order), p. 3 n.3 ("The District Attorney was lawfully added as a party to this action by Order dated April 9, 2002, and thus had standing to pursue an appeal."). Satterfield timely appealed.

We exercise jurisdiction under 28 U.S.C. § 1291. "When a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable." United States v. Hernandez, 227 F.3d 686, 695 (6th Cir. 2000); accord United States v. Graham, 711 F.3d 445, 452 (4th Cir. 2013). We may affirm on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We will summarily affirm the District Court's judgment because this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. The District Court correctly observed that Satterfield's challenge to the party-respondent status of the DA was previously raised (see ECF No. 94) and rejected (see ECF No. 96). Indeed, we, too, have rejected Satterfield's attempts to invalidate the DA's participation in his habeas proceedings. See CA No. 15-2190 (3d Cir. Oct. 7, 2015) (denying peripheral motions). In any event, we perceive no flaws in the record on appeal to this Court—in CA Nos. 04-

3

3066, 04-3108 or 15-2190—of the sort complained of by Satterfield and which resulted from "error or accident."  Fed. R. App. P. 10(e)(2); cf. Marron v. Atlantic Refining Co., 176 F.2d 313, 315 (3d Cir. 1949).

The District Court's judgment will, therefore, be summarily affirmed. Satterfield's motions for a COA, to expand the COA in CA No. 15-2190, and for expedited adjudication are denied as unnecessary, improper, and moot, respectively.