OPINION
PER CURIAM.
Donald Earl, pro se, appeals from the District Court’s order denying his motion *859 to intervene and his Rule 60(b) motion to vacate. For the reasons that follow, we shall affirm the District Court’s order.
This case relates to a civil class action products liability lawsuit filed in the District of New Jersey, and currently on appeal. See In Re: Pet Food Products Liability Litigation, D.N.J. Civ. No. 07-cv-02867; C.A. No. 08-4741 & 08-4779. That suit arose out of a March 2007 recall of pet food products that allegedly contained contaminated wheat gluten and/or rice protein concentrate obtained from China. Plaintiffs filed more than one hundred lawsuits against several defendants, including Menu Foods, one of the manufacturers of the recalled pet food products.
As a part of discovery, Menu Foods and several other defendants stored large quantities of various recalled food products. Those products were divided into three categories: 1) cases of pet food subject to the recall (“organized inventory”); 2) thousands of pounds of unprocessed, perishable raw wheat gluten; and 3) cases containing recalled and unrecalled pet food, pet food made by other companies, and other items (“unorganized inventory”). The defendants sought an order from the District Court permitting them to limit the amount of material they had to store. On December 18, 2007, the District Court entered an order granting the defendants’ motion, which allowed them to retain a statistically significant representative sampling of the organized inventory and to dispose of the remaining recalled pet food, the raw wheat gluten and the unorganized inventory.[1] None of the plaintiffs in the class objected to the Court’s order.
Meanwhile, in Washington State, Appellant Donald Earl had initiated a separate lawsuit alleging that his cat had died after consuming pet food manufactured by Menu Foods and sold by The Kroger Company, a grocery store.[2] Menu Foods notified Earl of the New Jersey District Court’s order permitting the disposal of the unorganized inventory. Earl filed an objection in the District Court, arguing that the unorganized inventory was material to his case and should not be destroyed. The District Court denied his objection. Menu Foods then filed a motion in the Superior Court of Washington for permission to dispose of the unorganized inventory as it related to Earl’s case, which the court granted. Earl attempted to reverse the preservation order, but was denied by the Washington state courts.[3] Menu Foods completed its disposal of the unorganized inventory in June 2008.
Earl then returned to the New Jersey District Court, where in January 2009, he filed a Rule 60(b) motion to vacate the District Court’s order disposing of the unorganized materials, and a motion to intervene as a matter of right in the class action. However, Earl filed his motions nearly two months after the District Court entered a final judgment in the underlying Pet Food Recall Litigation and after the *860 case was on appeal. The District Court denied his motions, finding that he did not demonstrate a sufficient interest in the unorganized inventory. It also denied his motion for reconsideration. Earl filed a timely notice of appeal.
This Court reviews the denial of a motion to intervene under Fed.R.Civ.P. 24(a)(2) for an abuse of discretion and should reverse only if the District Court “has applied an improper legal standard or reached a decision [the Court is] confident is incorrect.” United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1179 (3d Cir.1994); see also Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 n. 4 (3d Cir.2005). A litigant seeking intervention as a matter of right under Fed.R.Civ.P. 24(a)(2) must establish: “1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor’s interests.” Treesdale, 419 F.3d at 220 (citing Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir.1998)). Each of these requirements “must be met to intervene as of right.” Mountain Top Condo. Ass’n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir.1995) (citation omitted).
The District Court denied the motion to intervene on the ground that Earl’s interest was insufficient to warrant intervention stating that Earl had not “demonstrated that he has an interest in the ‘unorganized inventory’ requiring that this Court vacate its prior orders regarding that inventory.” It then denied his motion to vacate. We agree with the District Court that Earl did not show an interest in the unorganized inventory, as described below, but will also affirm on the basis that Earl’s motion to intervene was not timely filed. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999) (stating that the Court may affirm an order on any ground that is supported by the record).
Here, Earl filed his motions to intervene and vacate nearly two months after the District Court had entered a final judgment in the underlying Pet Food Recall Litigation, and beyond the thirty-day statutory time period for filing an appeal. See Fed. R.App. P. 4(a). He did not file his motion to intervene for purposes of appealing the District Court’s final judgment, but for purposes of vacating an order that had no effect on the outcome of the underlying lawsuit. See Halderman v. Pennhurst State Sch. & Hosp., 612 F.2d 131, 134 (3d Cir.1979) (“Certainly, an effort to intervene after a judgment has become final ... presents an extreme example of untimeliness .... Where the purpose of a motion to intervene is to obtain appellate review of a district court order determining the status of a class, the motion may be considered timely if filed within the time limit for filing a notice of appeal.”) (citing United Airlines, Inc., v. McDonald, 432 U.S. 385, 392, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977)). As a result, Earl’s motion to intervene was untimely.
We also agree with the District Court that Earl did not demonstrate a sufficient interest in the litigation to warrant intervention. The purpose of his motion to intervene was to obtain an order vacating the District Court’s December 18, 2007 order authorizing the destruction of the unorganized inventory. None of the plaintiffs objected to that order and Menu Foods destroyed the inventory in June 2008, nearly nine months before Earl filed his motion to intervene to prevent its destruction. As a result, he had no sufficient interest in the underlying litigation. Since Earl could not intervene, he was not a party to the lawsuit and the District Court *861 had no choice but to deny his Rule 60(b) motion.[4] Moreover, even if the District Court could have granted his Rule 60(b) motion, to do so would have been meaningless once the unorganized inventory had been destroyed.
In conclusion, we agree that the District Court correctly denied Earl’s motions to intervene and to vacate. Costs will be assessed to the appellant. See Fed. R.App. P. 39(a)(2); LAR 39.[5]

. Defendants argued this was done so as to limit the significant costs of storing the materials and to dispose of materials that had become a public health hazard.

. At no point has Earl ever been a party to the class action lawsuit in the Pet Food Recall litigation. Furthermore, the pet food in Earl’s case was manufactured and sold before the period subject to the recall, although it is unclear from the record exactly how long before the recall.

.The Supreme Court of Washington found that the Superior Court had not abused its discretion in entering the disposal order. Earl, it held, had his own samples of the cat food from the relevant era, and had not shown “that his plan to retrieve 500 samples from the unorganized inventory, without any methodology establishing how these samples would be representative, would lead to admissible evidence.”

. In his brief, Earl also argues that: 1) Menu Foods attorneys violated the Rules of Professional Conduct by filing a motion to destroy evidence; and 2) that the District Court did not have subject matter jurisdiction or legal authority to grant a motion to destroy evidence. We will not consider these arguments in light of our holding that the District Court properly denied his motions to intervene and vacate.

. We also grant the Appellee’s motion to take judicial notice of the opinions filed by the courts of Washington state concerning Earl’s attempts to prevent the destruction of the evidence. We also grant appellee’s and appellant's motions to file supplemental appendices.