BLD-276                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1443
_____

BRIAN PARNELL,
                                Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-01761)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed:  July 17, 2017)
_____

OPINION*
_____

PER CURIAM

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Brian Parnell seeks review of the District Court's order dismissing his civil rights complaint for failure to state a claim. Because this appeal does not present a substantial question, we will summarily affirm.

Parnell, an inmate at SCI-Greene in Pennsylvania, filed a complaint in state court against the Secretary of the Pennsylvania Department of Corrections (DOC), alleging that he was being held in involuntary servitude in violation of the Thirteenth Amendment, as well as two state statutes, because no sentencing order was ever generated for his criminal convictions. The Secretary removed the case to the District Court for the Western District of Pennsylvania, where the parties consented to proceed before a Magistrate Judge. The Magistrate Judge denied Parnell's motion to remand the case or the state claims back to state court, and granted the Secretary's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive a motion to dismiss, a complaint must state a claim "that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

The crux of Parnell's claim is that his sentence is illegal, and the DOC lacks authority to detain him, because there is no written sentencing order in his case. The criminal docket in his case evidences that he was convicted of second degree murder and burglary, and sentenced to life imprisonment. The Secretary also provided the Court

2

Commitment form, and the Sentencing Sheet, both of which indicate the imposition of a life sentence for Parnell's convictions. Under these circumstances, we conclude that Parnell's claim concerning the 13th Amendment does not state a claim to relief that is plausible on its face. See Tourscher, 184 F.3d at 240 (concluding that the prohibition against involuntary servitude in the Thirteenth Amendment is not implicated "where a prisoner is incarcerated pursuant to a presumptively valid judgment") (citation omitted); see also Joseph v. Glunt, 96 A.3d 365, 372 (Pa. Super. Ct. 2014) ("a record of the valid imposition of a sentence [is] sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order").

The District Court also properly dismissed Parnell's state law claims for the intentional torts of false imprisonment, 18 Pa. Cons. Stat. § 2903, and unlawful restraint, 18 Pa. Cons. Stat. § 2902. Contrary to Parnell's contention, the Secretary enjoys immunity because he was acting within the scope of his authority in holding Parnell in custody. See Wilson v. Marrow, 917 A.2d 357, 364-65 (Pa. Commw. Ct. 2007); Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 681-82 (M.D. Pa. 2010). Accordingly, the District Court did not abuse its discretion in dismissing Parnell's complaint with prejudice because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Based on the foregoing, because no "substantial question" is presented as to the dismissal of the complaint, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.