**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3685
_____

WALTER BROWN,
                              Appellant

v.

WARDEN PIKE COUNTY CORRECTIONAL FACILITY; SGT. FRAWLEY;
E. WENZEL, Grievance Coordinator

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-02373)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: July 25, 2017)
_____

OPINION[*]
_____

PER CURIAM

     Walter Brown appeals, pro se and in forma pauperis, the District Court's final

order dismissing with prejudice his complaint.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brown filed a complaint under 42 U.S.C. § 1983 in the Middle District of Pennsylvania alleging that his due process and First Amendment rights were violated when Pike County Correctional Facility (PCCF) Warden Craig A. Lowe, Sargeant Frawley, and Grievance Coordinator E. Wenzel improperly opened and withheld his legal mail for several months, and withheld his cell phone and cash. Specifically, Brown alleged that upon being transferred back to PCCF from another facility, he was informed that a large amount of legal mail was waiting for him from the past few months, and it had been opened prior to his receipt. Brown alleged that he was thus prevented from responding to relevant matters in his underlying state criminal proceedings and accordingly missed deadlines and had his filings dismissed, denied, or waived.

The Magistrate Judge screened the complaint under 28 U.S.C. § 1915A, and recommended that (1) the complaint be dismissed with prejudice for failure to state a claim upon which relief could be granted, and (2) leave to amend be denied. Over Brown's objections, the District Court adopted the Magistrate Judge's recommendations and dismissed the complaint with prejudice. Brown timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and review de novo the District Court's sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In doing so we accept as true all factual allegations and all reasonable inferences that can be drawn therefrom. Id. We may affirm on any basis supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). Denial of leave to amend is reviewed for abuse of discretion. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

2

Brown alleged that his due process rights were violated when Defendants withheld his legal and personal mail and confiscated his cell phone and cash.  Deprivation of inmate property by prison officials – whether intentional or unintentional – does not violate the Due Process clause if adequate post-deprivation remedies exist.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Adequate post-deprivation remedies include prison grievance programs and state tort law.  See id.; see also Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000); Reynolds v. Wagner, 128 F.3d 166, 179-81 (3d Cir. 1997).

Here, a prison grievance program existed, and Brown utilized it.  So an adequate post-deprivation remedy existed, and Brown's due process claim is not cognizable.  See Hudson, 468 U.S. at 533; Tillman, 221 F.3d at 422.  Even if Brown amended his complaint to state that the internal prison grievance procedure is constitutionally inadequate, Pennsylvania's state tort law would provide an additional adequate remedy. See 42 Pa. Cons. Stat. § 8542(a); 8550.  Thus, the District Court was within its discretion to deny leave to amend.  See Alvin, 227 F.3d at 121.

Brown also alleged that Defendants violated his First Amendment right of access to the courts.  Brown specifically alleged that Defendants did not timely deliver legal mail relating to an underlying state criminal suit, resulting in his motions and a petition in that suit being denied or dismissed; he also asserts that he "lost the opportunity to decide on any plea agreements."  Where a prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must show (1) that he suffered actual injury—i.e., the chance to pursue a nonfrivolous or arguable underlying claim; and

3

(2) that no remedy may be awarded as recompense for the lost claim other than in the present denial-of-access suit. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Appointment of counsel is sufficient to provide prisoners with meaningful access to the courts. Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988).

Here, Brown was represented by counsel in the underlying state suit during the relevant time period, and counsel filed motions and a brief in the matter during this time. Thus Brown had meaningful access to the courts. See Id. Brown (with the assistance of counsel) also pleaded guilty in the underlying state criminal case several months after receiving his mail. Brown never asserted that the withheld legal documents impaired his ability to enter a knowing and voluntary guilty plea several months after their return. Nor does he describe his alleged underlying claims with sufficient specificity to show anything beyond a "mere hope." See Monroe, 536 F.3d at 205-06. Thus, he has not shown any actual injury. Nothing in his brief compels a different conclusion, nor does anything in his brief show that the District Court abused its discretion in denying leave to amend.

For these reasons, we will affirm the District Court's judgment.