NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3135
_____

FRIEDRICH LU,
Appellant

v.

COMCAST CABLE COMMUNICATIONS, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-03633)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2024
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: April 26, 2024)
_____

OPINION*

_____

PER CURIAM

Pro se Appellant Friedrich Lu, a resident of Massachusetts, filed an amended

complaint against Defendant Comcast Cable Communications, LLC, ("Comcast")

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

alleging violations of 18 U.S.C. § 2520 and Massachusetts state law pertaining to the interception of wire communications. He alleges that an unknown person "hacked or snooped on" his Google account, and that after he informed Comcast about the issue, it aided and abetted the hacker. Comcast filed a motion to dismiss for insufficient service of process and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Lu opposed the motion to dismiss, and filed a joint response and motion for sanctions under Federal Rule of Civil Procedure 11. After concluding that Lu failed to properly serve Comcast and failed to state a claim, the District Court granted Comcast's motion and dismissed Lu's complaint. Lu was granted leave to file a second amended complaint within 30 days of the date of the District Court's order dismissing his complaint. He did not do so, and this resulted in his claims being dismissed with prejudice. Lu timely filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A plaintiff must present in his or her complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and this "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007)). We may affirm on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

2

We agree with the District Court's conclusion that Lu failed to state a claim, as he does not plausibly allege that Comcast violated either the federal statute governing the intentional interception of wire communications or its Massachusetts counterpart. His amended complaint includes a single paragraph describing the substance of his claims:

> Plaintiff Friedrich Lu has a Gmail account, including Drive for documents. Google has notified Lu that his account has been hacked or snooped on, the recent one being a break-in on Aug 10, 2022. On information and belief, the hacker is a federal employee conducting warantless searches and seizures. Armed with the internet protocol address (IP address), Lu complained to Comcast Cable, according to instructions of its Web page. Comcast Cable instead aided and abetted the hacker, pledging to conceal the identity among other things.

Lu offers nothing more than threadbare assertions and conclusory statements about Comcast's alleged aiding and abetting of a hacker, coupled with citations to the federal and Massachusetts statutes, and this is insufficient to survive a motion to dismiss under Rule 12(b)(6). See Iqbal, 556 U.S. at 678. Thus, the District Court correctly dismissed Lu's complaint for this reason with prejudice when he decided not to further amend it. On appeal, Lu fails to present any arguments that would cause us to doubt the District Court's conclusion.[1]

Accordingly, we will affirm the judgment of the District Court. Comcast's motion to file a supplemental appendix is granted. Lu's motion to appoint a special master and motion to strike are denied.

---

[1] In light of our disposition, we need not consider the District Court's dismissal for insufficient service of process. Regarding Lu's aspersions of "naked judicial corruption" directed at the District Judge, we find them unsupported and devoid of merit, and we will address them no further.