ALD-191                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1672
_____

ALFREDO MARTINEZ-PEREZ,
Appellant

v.

GINA CLARK, Superintendent - SCI Chester; M QUINN, Grievance Coordinator - SCI
Chester; DR. PAUL G. LITTLE, Doctor - SCI Chester

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-03972)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 26, 2024
Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 28, 2024)
_____

OPINION[*]
_____

PER CURIAM

Alfredo Martinez-Perez, proceeding in forma pauperis, appeals from the District

Court's order dismissing his complaint.  Because this appeal does not present a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Pennsylvania state prisoner Martinez-Perez filed a pro se civil-rights complaint under 42 U.S.C. § 1983 alleging that he had been denied adequate medical care in violation of his Eighth Amendment rights.[1]  Specifically, Martinez-Perez claimed that his provider, Dr. Paul Little, did not properly treat his back injury.  Martinez-Perez also alleged that M. Quinn, the grievance coordinator, improperly denied his grievances, and that Gina Clark, Quinn's supervisor, allowed Quinn's improper conduct.

The District Court dismissed all claims against Quinn and Clark with prejudice for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  To the extent Martinez-Perez alleged any state-law negligence claims, the Court dismissed them without prejudice for lack of subject matter jurisdiction.  The Court dismissed without prejudice Martinez-Perez's Eighth Amendment claim against Dr. Little because it was conclusory and did not contain enough facts to support a plausible claim.  After indicating it was dismissing all the federal claims, the Court indicated that it would decline supplemental jurisdiction under 28 U.S.C. § 1367 over Martinez-Perez's state law claims.  The Court gave Martinez-Perez 30 days to amend his complaint to allege additional facts supporting relief for the federal claim against Dr. Little or notify the Court of his intent to stand on his complaint.  The Court also informed Martinez-Perez that if he failed to respond, the

---

[1] Martinez-Perez also purported to bring "claims of neglect," which the District Court construed as state-law negligence claims.

2

Court would infer that Martinez-Perez intended to stand on his complaint. See Weber v. McGrogan, 939 F.3d 232, 239-40 (3d Cir. 2019).

Because Martinez-Perez did not amend his complaint within the 30-day timeframe, the District Court dismissed any remaining federal law claims with prejudice and dismissed any remaining state-law negligence claims without prejudice for lack of subject matter jurisdiction. Martinez-Perez appealed, and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's order dismissing the complaint under 28 U.S.C. § 1915(e)(2). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive dismissal, the complaint must allege sufficient facts to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Although we construe a pro se litigant's claims liberally, see Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021), mere conclusory allegations are insufficient to state a claim for relief, Iqbal, 556 U.S. at 678.

To state an Eighth Amendment claim for inadequate medical treatment, Martinez-Perez had to allege facts showing that prison officials were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. At 837. Also, to be liable, each defendant must have

been personally involved in the inadequate medical treatment. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

For our analysis, we will assume that Martinez-Perez's back injury qualifies as a "serious medical need." But Martinez-Perez failed to allege sufficiently that Dr. Little was deliberately indifferent to his medical needs. Martinez-Perez asserted that Dr. Little did not give him proper care and only gave him "low level pain relievers." The allegation that Dr. Little did not provide proper care is conclusory and insufficient to survive dismissal. See Iqbal, 556 U.S. at 678. Martinez-Perez made no factual allegations that support his contention that Dr. Little was deliberately indifferent to his medical needs. The mere fact that Martinez-Perez disagrees with Dr. Little's treatment is insufficient to state a claim. See Palakovic v. Wetzel, 854 F.3d 209, 227-28 (3d Cir. 2017).

As for defendants Quinn and Clark, Martinez-Perez did not allege that they were personally involved in his medical treatment. See Rode, 845 F.2d at 1207. Instead, he asserted that Quinn denied his grievances that he submitted to the prison about receiving inadequate medical care, and that Clark allowed these improper denials. But when, as here, the prisoner is under the care of a medical provider, "a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); see also Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (Non-medical prison employees cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a

4

prisoner who was already being treated by the prison doctor."). The District Court did not err by dismissing the Eighth Amendment claims against Quinn and Clark.[2] Nor did the District Court err by dismissing Martinez-Perez's state-law negligence claims for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1367(c)(3), 1332(a).

Accordingly, we will summarily affirm the District Court's order.

---

[2] To the extent that Martinez-Perez's complaint could be read as asserting a claim based solely on Clark's and Quinn's handling of his grievances, we agree with the District Court that the claim fails because prison inmates do not have a constitutional right to a grievance process. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).