**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-2530, 24-2531, 24-2532, 24-2533, 24-2534 & 24-2535
_____

APEX CONSTRUCTION CO. INC.; BLUEWATER CONSTRUCTION INC.; MSI
BUILDING SUPPLIES INC.; UNITED CORPORATION; IMPEX TRADING
INTERNATIONAL INC., d/b/a The Sea Chest; B&B MANUFACTURING INC.,
Appellants

v.

UNITED STATES VIRGIN ISLANDS
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil Nos. 3:21-cv-00039, 3:21-cv-00040, 3:21-cv-00041, 3:21-cv-00043, 3:21-cv-
00044 & 3:21-cv-00052)
District Judge: Honorable Robert A. Molloy
_____

Argued on April 29, 2025

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: February 5, 2026)

Joseph A. DiRuzzo, III **[Argued]**
Daniel M. Lader
Margulis Gelfand DiRuzzo & Lambson
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

*Counsel for Appellants*

Gordon C. Rhea
Pamela R. Tepper
Sean P. Bailey **[Argued]**

United States Virgin Islands Department of Justice
6151 Estate La Reine
Kingshill, Virgin Islands 00850

   *Counsel for Appellee*

———————————

OPINION[*]

———————————

FREEMAN, *Circuit Judge*.

  Six merchants (the "Taxpayers") brought separate lawsuits against the United States Virgin Islands ("USVI") seeking refunds of excise taxes. The District Court consolidated the suits and dismissed them. For the reasons that follow, we will affirm.

**I**

  A USVI statute, 33 V.I.C. § 42(a) ("Section 42"), requires an excise tax to be imposed on "all articles, goods, merchandise or commodities manufactured in or brought into the Virgin Islands" for personal or business purposes, absent limited exceptions. Although Section 42 is facially neutral—applying equally to Virgin Islanders and foreign importers—the USVI did not assess the excise tax on local manufacturers from 1984 until early 2019. *See Reefco Servs., Inc. v. Gov't of V.I.* ("*Reefco II*"), 830 F. App'x 81, 85 (3d Cir. 2020). In February 2019, the USVI promulgated regulations under which it assesses the excise tax on all imported goods.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2014, a merchant ("Reefco") sued the USVI and argued that Section 42, as implemented, violated the dormant Commerce Clause. *Reefco Servs., Inc. v. Gov't of V.I.* ("*Reefco I*"), No. 2014-cv-110, 2018 WL 4690366, at \*1 (D.V.I. Sept. 28, 2018). The District Court agreed with Reefco. It held that the USVI's enforcement and regulatory interpretation of Section 42 effectively exempted local goods from the excise tax, in violation of the dormant Commerce Clause. *Id.* at \*6–7. It awarded Reefco a refund of the excise taxes it paid. *Id.* at \*7. We affirmed that order on appeal, explaining that affording local manufacturers "a tax break not available to foreign and domestic importers" amounted to a "blatant" and "obvious" violation of the Commerce Clause. *Reefco II*, 830 F. App'x at 85.

Following the *Reefco* litigation, the Taxpayers filed lawsuits seeking refunds for excise taxes they paid between 2016 and 2018, when the USVI implemented Section 42 in violation of the Commerce Clause. They brought their claims under the Commerce Clause and the USVI's territorial tax refund statute, 33 V.I.C. § 1692.[1] They filed their claims more than two years, but less than three years, after the claims accrued.

The District Court granted the USVI's motion for judgment on the pleadings and dismissed the Taxpayers' claims.[2] First, it rejected the Taxpayers' argument that the USVI is collaterally estopped from asserting a statute-of-limitations defense. It then

---

[1] In the District Court, the Taxpayers asserted that they brought claims directly under the Commerce Clause as well as under Section 1692.

[2] In the Taxpayers' prior appeal, we ruled that the tax comity doctrine does not apply to these proceedings. *Apex Constr. Co. v. United States Virgin Islands*, No. 22-2675, 2023 WL 5287668, at \*1 (3d Cir. Aug. 17, 2023).

ruled that the Taxpayers' claims brought directly under the Commerce Clause were governed by a two-year statute of limitations and thus were untimely. It determined that the Section 1692 claims were timely, as they were governed by a three-year limitations period. Nonetheless, it ruled that it lacked subject matter jurisdiction over the Section 1692 claims, and it declined to exercise supplemental jurisdiction.

The Taxpayers timely appealed.

## II[3]

We exercise plenary review of an order on a motion for judgment on the pleadings. *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017); *Kingvision Pay-Per-View, Corp. v. 898 Belmont, Inc.*, 366 F.3d 217, 220 (3d Cir. 2004). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). That is, we accept the truth of the factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Id.*

The Taxpayers argue that the District Court erred by determining that (1) the doctrine of collateral estoppel was inapplicable, (2) the Court lacked subject matter

---

[3] The District Court had jurisdiction over the Commerce Clause claims under 48 U.S.C. § 1612(a) and 28 U.S.C. § 1331. For the reasons discussed below, the District Court properly determined that it lacked subject matter jurisdiction over the Section 1692 claims. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

jurisdiction over the Section 1692 claims, and (3) the Commerce Clause claims were untimely. We address each argument in turn.

A

First, the Taxpayers argue that the USVI should be collaterally estopped from relitigating issues it purportedly litigated and lost in *Reefco*.[4] "Collateral estoppel, also known as issue preclusion, prohibits relitigation of an issue that has been fully and fairly litigated previously." *Karns v. Shanahan*, 879 F.3d 504, 514 n.3 (3d Cir. 2018). To successfully assert collateral estoppel, a party must show that "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Id.* (alterations in original) (quoting *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 342 F.3d 242, 252 (3d Cir. 2003)).

Here, the Taxpayers invoke a variant of the doctrine known as "non-mutual offensive collateral estoppel," under which "a plaintiff [seeks] to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another

---

[4] The Taxpayers also assert claim preclusion, but that doctrine is inapplicable here. Claim preclusion "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014) (quoting *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. - Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)). One requirement of claim preclusion is that the previous and subsequent action involve "the same parties or their privies." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (quoting *Post v. Hartford Ins.*, 501 F.3d 154, 169 (3d Cir. 2007)). The Taxpayers were not parties in the *Reefco* litigation, nor have they claimed privity with any *Reefco* party.

5

plaintiff." *Id.* (alteration in original) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)). We review a district court's decision regarding the application of non-mutual offensive collateral estoppel for abuse of discretion. *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

In this case, the parties dispute (1) the statute of limitations for claims brought directly under the Commerce Clause, and (2) whether the District Court had subject matter jurisdiction over the Section 1692 claims. Neither of these issues was litigated or resolved through a judgment in the *Reefco* litigation. Therefore, the doctrine of collateral estoppel is inapplicable, and the District Court properly declined to apply it.[5]

B

Next, the Taxpayers argue that the District Court erred in concluding that it lacked subject matter jurisdiction over the Section 1692 claims.[6] Federal district courts have original subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration in original). In the main, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* Additionally, there is a discrete class of cases in

---

[5] "We may affirm the district court on any ground supported by the record." *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, we do not reach whether the District Court was correct to conclude that non-mutual collateral estoppel does not apply to territorial governments.

[6] The Taxpayers do not challenge the District Court's choice not to exercise supplemental jurisdiction.

6

which "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The Taxpayers assert that their Section 1692 claims fall in the latter category of cases.

For a state or territorial law claim to "arise under" federal law and create federal jurisdiction under 28 U.S.C. § 1331, the claim must raise a federal issue that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "Only a 'slim category' of cases satisfy [this] test." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

The parties dispute the third requirement: substantiality. To assess substantiality, courts consider "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. The inquiry "primarily focuses not on the interests of the litigants themselves, but rather on the broader significance for the Federal Government." *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 258 (3d Cir. 2016) (citation modified) (quoting *Gunn*, 568 U.S. at 260); *accord Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co.*, 88 F.4th 58, 67 (1st Cir. 2023) (explaining that the "substantiality inquiry turns on whether the resolution of the suit would measurably affect the federal government," which "usually occurs when the suit challenges the action of a federal actor or would otherwise yield a new interpretation of federal law which will govern a large number of cases" (citation modified)). A claim is more likely to be

substantial if it presents a pure question of law, the resolution of which will govern numerous future cases. *Empire Healthchoice*, 547 U.S. at 700. By contrast, claims that are "fact-bound and situation-specific" are less likely to present a substantial federal issue. *Id.* at 700–01.

The Commerce Clause reflects an important federal interest in forbidding state-level economic protectionism. Nonetheless, we would strain to say this case presents an issue of "importance" to "the federal system as a whole." *See Gunn*, 568 U.S. at 260. After all, to resolve the Commerce Clause issue in this case, we would merely apply the Supreme Court's clear, longstanding precedent to the USVI's implementation of Section 42. *See Reefco II*, 830 F. App'x at 84–85 (concluding that the USVI's actions were a "blatant" and "obvious" violation of Supreme Court authority that "a tax violates the Commerce Clause where it 'discriminate[s] against interstate commerce.'" (alteration in original) (quoting *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279 (1977))); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1300 (11th Cir. 2008) (concluding that the substantiality prong had not been satisfied, in part, because the meaning of the relevant federal law was not unclear).

In any event, this case does not have "broad[] significance . . . for the Federal Government," *Gunn*, 568 U.S. at 260, because its resolution is not necessary to resolve numerous future cases, *see Empire Healthchoice*, 547 U.S. at 700. The USVI ceased its

8

offending actions in 2019, and the Taxpayers do not allege that those actions are likely to recur.[7]

Because these claims do not implicate a substantial federal issue, the District Court properly dismissed them for lack of subject matter jurisdiction.

C

Lastly, the Taxpayers argue that the District Court erred by applying the USVI's two-year statute of limitations for personal injury actions to the claims they brought directly under the Commerce Clause.[8]  Specifically, they argue that because their claims are for tax refunds, the proper statute of limitations is three years—the limitations period for federal and territorial tax refunds.  *See* 26 U.S.C. § 6511(a); 33 V.I.C. § 1181(a).  We disagree.

Where, as here, there is no expressly applicable federal statute of limitations, we generally "apply the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983).  There is an exception to this general principle "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for

---

[7] Taxpayers represent that there is one case currently pending in the District Court of the Virgin Islands that presents some of the issues presented here.

[8] The Taxpayers assert that the District Court "erred in concluding that [their] causes of action sound in anything other than a tax refund suit under Section 1692."  Appellants' Br. 24.  We decline to accept this shift from the position the Taxpayers took in the District Court.  *See supra* note 1; *In re Cmty. Med. Ctr.*, 623 F.2d 864, 868 (3d Cir. 1980) (rejecting Appellant's argument as inconsistent with its position in the District Court).

9

interstitial lawmaking." *Id.* at 172. But here, the Taxpayers make no effort to identify any "federal policies at stake" or "practicalities of litigation" that would compel us to "turn away from state law." *Id.* Thus, we will not apply the limitations period for federal tax refunds.

The remaining question is which territorial statute of limitations is most closely analogous. The District Court correctly concluded that the Virgin Islands' two-year limitations period for personal injury claims is most closely analogous. *See* 5 V.I.C. § 31(5)(A).

The Taxpayers allege the violation of their constitutional rights under the Commerce Clause. A plaintiff may seek to vindicate violations of constitutional rights, including Commerce Clause rights, pursuant to 42 U.S.C. § 1983. *See Dennis v. Higgins*, 498 U.S. 439, 440 (1991) (holding that § 1983 provides a cause of action for violations of an individual's rights under the Commerce Clause). In the § 1983 context, the Supreme Court has instructed courts to categorically borrow a state's general or residual statute of limitations for personal-injury actions. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989). This categorical approach is designed to end "chaos," "uncertainty," and "time-consuming litigation" generated by disputes over what state-law analogue should be borrowed for a particular § 1983 claim. *Id.* at 240, 243; *see also Fisher v. Hollingsworth*, 115 F.4th 197, 209 (3d Cir. 2024) ("Because every state has exactly one general or residual statute of limitations for personal injury actions, this rule limits confusion and promotes predictability for plaintiffs and defendants alike.").

10

This rule applies equally to claims brought directly under the Constitution. *See Fisher*, 115 F.4th at 210 (holding that § 1983 actions and constitutional claims brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), are both governed by the residual or general personal injury statute of limitations); *see also Bieneman v. City of Chicago*, 864 F.2d 463, 469–70 (7th Cir. 1988) (aligning the limitations period for claims brought directly under the Constitution with the limitations period for § 1983 claims). Because the Taxpayers did not file their Commerce Clause claims within two years of when the claims accrued, the District Court properly dismissed the claims as time-barred.

\* \* \*

For the reasons set forth above, we will affirm the District Court's order.