**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3164
_____

THOMAS WISNIEWSKI,
Appellant

v.

JAMES F. FROMMER, JR, D.O..; D.O. ANDREW J. DANCHA;
CORRECT CARE SOLUTIONS LLC; DEBORAH CUTSHALL; WILLIAM
DREIBELBIS; PAULA NOEL; EUGENE H. GINCHEREAU; H.C.A. KATHY
MONTAG; JODI WHITE; ANDREA NORRIS; JOSEPH J. SILVA; CHRISTOPHER
OPPMAN; PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-16-cv-01626)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 9, 2018
_____

Before: McKEE, VANASKIE, and SILER,* *Circuit Judges*
(Filed: October 3, 2018)
_____

OPINION**
_____

_____

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the Sixth Circuit
Court of Appeals in Kentucky, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

Appellant Thomas Wisniewski is currently serving a life sentence for murder. He filed this 42 U.S.C. § 1983 claim in July 2017 alleging that medical professionals at Pennsylvania State Correctional Institution-Smithfield ("SCI-Smithfield") (collectively "Appellees") were deliberately indifferent to his medical needs in violation of the Eighth Amendment. The District Court dismissed Wisniewski's complaint after it determined that the allegations amounted to nothing more than a bona fide disagreement between Wisniewski and the prison's professional medical staff over the best means of treating Wisniewski's back pain. Because a review of the record confirms that Wisniewski indeed failed to allege a *prima facie* Eighth Amendment violation, we will affirm.

I.

Wisniewski is serving a life sentence for murder at SCI-Smithfield, where he has been incarcerated for the better part of the past eighteen years. Wisniewski has experienced chronic back pain since the late 1970s. For the first fifteen years of his incarceration, he managed his discomfort by taking a prescription opioid called Tramadol (also known as Ultram). The dosage, which amounted to roughly 400 milligrams per day, was administered by medical professionals under the employ of Appellee Correct Care Solutions, LLC ("CCS"), a private company contracted to provide medical services for inmates at SCI-Smithfield.

Appellee James Frommer, D.O., was assigned as SCI-Smithfield's medical director in 2015. Following his appointment, Dr. Frommer conducted an independent evaluation of Wisniewski to assess his medical needs. He then decided to discontinue

2

Wisniewski's prescription for narcotic pain medication. Dr. Frommer's decision was based on various medical considerations, including the addictive nature of Tramadol and the harmful complications associated with its long-term usage. In its place, Dr. Frommer determined that Wisniewski's back pain could be treated just as effectively through nonsteroidal anti-inflammatory drugs or Motrin.

Shortly after Dr. Frommer discontinued Wisniewski's Tramadol prescription, Wisniewski filed a complaint and an emergency application for a temporary restraining order in the Court of Common Pleas of Huntingdon County, requesting that the court mandate that Appellees provide him with his previously prescribed levels of Tramadol. The trial court, after a brief hearing at which only Wisniewski presented evidence, granted his motion on August 21, 2015. Appellees promptly moved to vacate the injunction, and a second hearing was held on September 1, 2015. This time, Appellees were afforded an opportunity to proffer documentary and testimonial evidence, but Wisniewski was prevented from presenting all of his witnesses. Nevertheless, after the close of the second hearing, the trial court issued an order vacating the preliminary injunction. Wisniewski subsequently appealed, and on June 16, 2016, the Pennsylvania Superior Court vacated the trial court's order and remanded the case with instructions to provide Wisniewski an additional opportunity to gather evidence in support of his request.

After the Superior Court issued its decision, Dr. Frommer opted to renew Wisniewski's Tramadol prescription at a lower dosage of 100 milligrams per day. It is

3

undisputed that Wisniewski continues to receive Tramadol and Motrin for pain management.

In the meantime, Wisniewski filed a Second Amended Complaint ("SAC") in state court asserting various federal claims, including the Eighth Amendment claim at issue here, and seeking further injunctive relief. His filing prompted Appellees to remove the case to the U.S. District Court for the Middle District of Pennsylvania. The case was then referred to a Magistrate Judge, who convened an evidentiary hearing on August 23, 2016, to afford each party a full opportunity to present documentary and testimonial evidence.

At the hearing, Wisniewski testified on his own behalf and explained in detail the nature of his back pain and the circumstances surrounding his medical treatment at SCI-Smithfield. Wisniewski additionally presented the testimony of an expert witness, who critiqued the 100-miligram dosage of Tramadol that Wisniewski was receiving from Dr. Frommer, but nevertheless acknowledged that prescription practices are matters of professional medical judgment and may vary depending on the patient's circumstances. Dr. Frommer took the stand at the hearing as well. He explained his rationale for initially discontinuing Wisniewski's Tramadol prescription, citing the myriad physical and mental complications known to arise from extended opioid use.

Equipped with a full factual record, the Magistrate Judge issued a detailed report on October 12, 2016, recommending that Wisniewski's request for a preliminary injunction be denied without prejudice. "At the outset," the Judge reasoned, "Wisniewski cannot meet the first element for such injunctive relief since he cannot show a reasonable

4

likelihood of success on the merits" of his Eighth Amendment claim. (JA 29). The Judge also found that Wisniewski could not demonstrate an immediate, irreparable harm so as to justify the issuance of a preliminary injunction because he continued to receive "the medication he seeks, simply not in the dosage he desires." (*Id*. at 36). The Magistrate Judge accordingly recommended that Wisniewski's motion for preliminary injunction be denied.

Wisniewski, in response, filed several objections to the Report and Recommendation. On July 24, 2017, the District Court overruled Wisniewski's objections and adopted the Magistrate Judge's Report and Recommendation in full, denying Wisniewski's request for emergency relief, and referring the case back to the Magistrate Judge for further pre-trial management and resolution of Wisniewski's remaining claims.

On remand, the Magistrate Judge determined that Wisniewski failed to establish a *prima facie* Eighth Amendment violation. Citing our case law, the Magistrate Judge explained that an Eighth Amendment claim brought under § 1983 must fail if the evidence shows that the doctor "exercise[d] . . . professional judgment" in attending to a prisoner's medical needs. (*Id*. at 56) (quoting *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990)). Therefore, because Wisniewski's allegations confirmed that he "[had] been seen many times by medical providers" who "exercised professional judgment with respect to his care," the Magistrate Judge accordingly recommended that Appellees' motion to dismiss be granted. (*Id*. at 62). Once again, the District Court

5

adopted the Magistrate Judge's Report and Recommendation and granted Appellees'

motion to dismiss, prompting this timely appeal.

II.[1]

"'Acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs' constitute cruel and unusual punishment under the Constitution."

*Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987) (quoting *Estelle v. Gamble*, 429

U.S. 97, 106 (1976)).  To prove that a prison official acted with deliberate indifference, a

§ 1983 plaintiff must make two separate showings: "(1) a subjective showing that 'the

defendants were deliberately indifferent to [his or her] medical needs' and (2) an

objective showing that 'those needs were serious.'"  *Pearson v. Prison Health Serv.*, 850

F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.

1999) (alterations in original)).  Here, because Appellees concede that Wisniewski's

medical needs were in fact serious, our analysis will be limited to the first prong only.

Wisniewski levies a litany of broad accusations against the District Court, most of

which center on his contention that the District Court disregarded allegations in his SAC

in the course of granting Appellees' motion to dismiss.  For example, Wisniewski states

that the District Court mistakenly relied on the Magistrate Judge's finding that Dr.

Frommer "recommended" that Wisniewski's back pain be treated with Motrin, when in

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a Rule 12(b)(6) dismissal, *see Connelly v. Lane Const. Cor.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016) (citation omitted), and "may affirm the district court on any ground supported by the record," *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

fact his complaint alleged "that Motrin was unavailable in [the] prison commissary."
(Appellant's Br. 2) (citation omitted.) A review of the record, however, belies this claim.
Wisniewski's complaint states that "*high-dose* Motrin" was "not available in
commissary," (JA 113) (emphasis added), which is precisely what the District Court
stated. (*See id*. at 70).

Similarly, Wisniewski asserts that Dr. Frommer "abruptly halt[ed] all pain
prescriptions and provid[ed] no other medical treatment for severe chronic pain for about
a year." (Appellant's Br. 18). Again, a reading of the SAC reveals otherwise. The SAC
alleges that, after taking Wisniewski off Tramadol, Dr. Frommer told him "to buy Motrin
in the prison commissary. . . ." (JA 113).

We have made clear "that there is a critical distinction 'between cases where the
complaint alleges a complete denial of medical care and those alleging inadequate
medical treatment.'" *Pearson*, 850 F.3d at 535 (quoting *United States ex rel. Walker v.
Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir .1979)). As both the Magistrate Judge and
the District Court readily concluded, the case at bar plainly falls under the latter category.
Thus, "[b]ecause mere disagreement as to the proper medical treatment does not support
a claim of an [E]ighth [A]mendment violation when medical care is provided," *id*.
(internal citation omitted), we will affirm the District Court's order granting Appellees'
motion to dismiss.[2]

---

[2] Because we affirm the District Court's granting of Appellees' motion to dismiss,
it necessarily follows that the District Court's Order granting Appellees' Motion to
Dissolve Injunction is affirmed as well.

7

IV.

For the foregoing reasons, the District Court's July 24, 2017 Order, granting

Appellees' Motion to Dissolve Injunction, as well as the August 31, 2017 Order, granting

Appellees' Motion to Dismiss Wisniewski's Eighth Amendment claim, will be affirmed.