NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1960
_____


SUNRISE PHARMACEUTICAL, INC.,
                            Appellant
                    v.

VISION PHARMA, LLC; SANDER S. BUSMAN


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-04074)
District Judge: Honorable Claire C. Cecchi
_____


Argued on March 5, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Filed: April 3, 2020)

Nancy A. Del Pizzo (**ARGUED**)
Gregory D. Miller
Joshua D. Sibble
Rivkin Radler
25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601
        *Counsel for Appellant Sunrise Pharmaceutical, Inc.*

Henry A. Gabathuler (**ARGUED**)
Cameron S. Reuber
Leason Ellis
1 Barker Avenue
Fifth Floor
White Plains, NY 10601
  *Counsel for Appellees Vision Pharma, LLC and Sander S. Busman*

_____

OPINION[*]

_____


HARDIMAN, *Circuit Judge*.

This appeal involves a longstanding battle between two companies: Sunrise

Pharmaceutical, Inc. and Vision Pharma, LLC. Initially, Vision sued Sunrise and issued a

press release about the lawsuit. Sunrise viewed the press release as "false and

defamatory," so it sued Vision years later. App. 20. The District Court dismissed

Sunrise's complaint, holding that the *Noerr-Pennington* doctrine barred Sunrise's claims.

We will affirm the District Court's order on the alternative ground that Sunrise failed to

plausibly plead a right to relief.

---

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

2

I

In its lawsuit against Vision, Sunrise alleged unfair competition and false advertising under the Lanham Act, unfair competition under state statutory and common law, tortious interference with prospective economic relations, and trade libel.[1] Its complaint deemed "false and defamatory" the following statements in Vision's press release:

> 44. . . . Vision Florida falsely states that Sunrise "defective[ly] manufacture[d] . . . certain drug products deemed adulterated and unsalable by the U.S. Food & Drug Administration."
>
> 45. . . . Vision Florida falsely states that Sunrise "willful[ly]" sold "adulterated drugs to Vision Pharma."
>
> 46. . . . Mr. Busman, who is listed as the "Founder, President & CEO" of "Vision Pharma," also defames Sunrise, as he is quoted as stating that the false and defamatory statements [sic] resulted in "severe damage" to Vision Florida, and that the company filed a lawsuit based on those false and defamatory statements "for a well-deserved victory."

App. 27–28.

Vision moved to dismiss Sunrise's complaint, claiming that the statements in the press release were true or, alternatively, the *Noerr-Pennington* doctrine barred Sunrise's claims. Under the *Noerr-Pennington* doctrine, "[t]hose who petition [the] government for

---

[1] Sunrise also alleged unlawful monopolization and attempted monopolization in violation of the Sherman Act and the Clayton Act, and state statutory law, but did not appeal the District Court's dismissal of those claims.

redress are generally immune from antitrust liability." *Prof. Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc. (PRE)*, 508 U.S. 49, 56 (1993). Vision argued the doctrine applies even to claims not arising under the antitrust laws and immunizes it from liability for statements in the press release.

The District Court granted Vision's motion. It ruled the *Noerr-Pennington* doctrine immunizes Vision from liability for the statements in the press release unless Vision's lawsuit against Sunrise was objectively baseless. Finding Vision's lawsuit was not baseless, it held *Noerr-Pennington* barred Sunrise's claims. Sunrise moved for reconsideration and the Court denied the motion. Sunrise timely appealed.

II[2]

We review *de novo* the District Court's order dismissing Sunrise's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). "We may affirm the district court on any ground supported by the record." *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (citations omitted).

We need not address the District Court's *Noerr-Pennington* analysis because the record demonstrates that Sunrise failed to plead a plausible cause of action. Sunrise says

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1). We have jurisdiction under 28 U.S.C. § 1291.

4

its claims "sound[] in defamation," Sunrise Br. 10, yet it failed to plausibly plead that Vision made a false statement. *See, e.g.*, *DeAngelis v. Hill*, 180 N.J. 1, 13 (2004).

We first identify Sunrise's averments that are merely legal conclusions not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include Sunrise's allegations, in paragraphs 44–46 of its complaint, that certain statements in the press release were "false and defamatory." App. 27–28. Next, we ask whether there are any well-pleaded factual allegations that plausibly give rise to an entitlement to relief. *See Iqbal*, 556 U.S. at 679. Sunrise's complaint contains no such facts. Notably, Sunrise did not plead facts suggesting its drugs were properly manufactured or that the FDA erred in deeming its drugs adulterated and unsalable. Nor did it plead facts suggesting that, if its drugs were adulterated, it did not sell them willfully or Vision did not suffer severe damage.

In sum, Sunrise's allegation that Vision made false statements is a "naked assertion[] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, insufficient to survive a motion to dismiss. So we will affirm the District Court's order dismissing Sunrise's complaint.