**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1834
_____

LARRY S. WHETSTONE,
                                                          Appellant

v.

FRALEY AND SCHILLING TRUCKING CO.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-00421)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Larry Whetstone appeals the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's order.

After Whetstone was injured in a work-related accident, he signed a compromise and release agreement in return for a lump sum payment to resolve a workers' compensation claim. He also signed a resignation agreement in which he resigned his position and released his employer from any claims arising from the injury. He later filed an employment discrimination complaint. The District Court granted his employer's motion for summary judgment, and we affirmed the District Court's order on appeal. We noted that Whetstone argued on appeal that his employer violated the Age Discrimination in Employment Act (ADEA), but that he had not raised such a claim in his complaint and could not do so on appeal. Whetstone v. Fraley & Schilling Trucking Co., No. 22-1018, 2022 WL 4533847, at *2 n.2 (3d Cir. Sept. 28, 2022), cert. denied, 143 S. Ct. 2588 (2023).

Whetstone then filed a second complaint in the District Court. The District Court sua sponte dismissed the complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). It considered Whetstone to be bringing a claim under the ADEA and concluded that he had failed to timely exhaust such a claim before the Equal Employment Opportunity Commission (EEOC). It also noted that he was challenging events from four years earlier. Whetstone filed a timely notice of appeal.[1]

_____

[1] As Whetstone established that his notice of appeal was received by the District Court on

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the dismissal of the complaint for failure to state a claim is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). In his brief, Whetstone does not challenge the District Court's determination that he did not timely exhaust his administrative remedies for his ADEA claim. See 29 U.S.C. § 626(d) (providing that ADEA plaintiff must exhaust administrative remedies before he may access judicial relief); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (same). Rather, he argues that the release agreement he signed was invalid. However, the District Court did not rely on the validity of the release agreement in dismissing his complaint.[2]

Whetstone has not shown that the District Court erred in dismissing his complaint. Accordingly, we will affirm the District Court's order.

---

May 1, 2023, the notice of appeal was timely filed.

[2] When we affirmed the District Court's grant of summary judgment in Whetstone's prior appeal, we did not rely on the release agreement. See Whetstone, 2022 WL 4533847, at *2 (explaining that "even if the release is invalid, Fraley & Schilling was entitled to summary judgment on the merits of Whetstone's ADA claims").