# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2075

LOUIS G. DOVER,
Appellant

v.

JOHN DOE, SUPERVISOR; SARAH COTHREN; DAVID TERAN

_____

Appeal from the U.S. District Court, E.D. Pa.
Judge Nitza I. Quinones Alejandro, No. 2:25-cv-01631

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*
Submitted Feb. 20, 2026; Decided Mar. 3, 2026

_____

NONPRECEDENTIAL OPINION[*]

PER CURIAM. Plaintiff Louis Dover, proceeding *pro se* and *in forma pauperis*, sued Rangers from the National Park Service after he was stopped and searched in Independence National Historic Park. Plaintiff alleged that Rangers violated his Fourth Amendment rights and sought relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The District Court dismissed his Complaint. We will affirm.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

Plaintiff alleged that two Rangers from the National Park Service stopped him and performed a physical search in the Park early on the morning of October 23, 2024. According to Plaintiff, the Rangers used "deception and coercion" and touched him "in a place and manner which was not appropriate." Compl. ¶¶ 21, 29. Plaintiff asserted in the Complaint that the search was based on "pretext" and unsupported by "actual verifiable evidence," Compl. ¶ 26, but he alleged elsewhere in the same pleading that the Rangers had "specific, credible information" to "justify the search." Compl. ¶ 17.

The National Park Service is part of the Department of the Interior. About a month after the search, Plaintiff filed an administrative grievance with the Department of the Interior's Office of Inspector General. The grievance was not resolved in Plaintiff's favor. Plaintiff then sued the two Rangers and their supervisor in federal court. The District Court screened the Complaint for failure to state a claim and dismissed with prejudice. *See* D. Ct. Dkt. 5 at 8. Plaintiff timely appealed.

The District Court had jurisdiction over Plaintiff's suit under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C § 1291. We accept Plaintiff's allegations as true and review the District Court's dismissal de novo. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court reasoned that Plaintiff's allegations were materially distinguishable from *Bivens*, and that the alternative remedial structure to address claims of wrongdoing by Rangers is a "special factor" that prevents courts from recognizing a *Bivens* action in this setting. D. Ct. Dkt. 5 at 6-7. Because the existence of "special factors"

that counsel against extending *Bivens* is an adequate basis to affirm, we limit our discussion to that issue.

"Any special factor—even one—suffices to foreclose a new *Bivens* cause of action." *Fisher v. Hollingsworth*, 115 F.4th 197, 207 (3d Cir. 2024). An "alternative remedial structure" is a "quintessential special factor." *Id.* at 208. With respect to misconduct claims against Rangers, the grievance process through the Office of Inspector General at the Department of the Interior is such a structure. Plaintiff acknowledged in the Complaint that he had availed himself of that process. Plaintiff argues on appeal that the process was inadequate. We have explained, however, that the alternative remedial structure does not need to be "as effective as an individual damages remedy" in order to foreclose a *Bivens* claim. *Id.*; *see also Egbert v. Boule*, 596 U.S. 482, 493 (2022).

The National Park Service also maintains an Office of Professional Responsibility to investigate claims against employees. This Office of Professional Responsibility accepts complaints from the public. While we do not know if Plaintiff submitted a complaint to that Office, what matters for purposes of this analysis is that the alternative remedial structure "is available" to him. *Fisher*, 115 F.4th at 208. The National Park Service's Office of Professional Responsibility meets that test and provides an additional "alternative remedial structure" that forecloses a *Bivens* action in this case.

Under established precedent in this Circuit, existing alternative remedial structures for addressing claims against National Park Service personnel required that Plaintiff's action be dismissed. Accordingly, we will affirm the District Court's dismissal of the Complaint on that basis.